UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUIS A. SERRANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-00902-GCS |
| | ) |
| ANTHONY WILLS, and JENNIFER A. WHITLEY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Luis Serrano, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff asserts that, in violation of the Eighth Amendment, officers at Menard failed to protect him from an attack by four other inmates, who Plaintiff allege were members of "various Latino gangs." (Doc. 10, p. 2). Now before the Court is Plaintiff's motion for a temporary restraining order, in which Plaintiff requests that Defendants be enjoined from assigning him a cellmate due to recent threats of assault from Latino gang members. (Doc. 33). For the reasons outlined below, the motion for a temporary restraining order is **DENIED.**

According to Federal Rule of Civil Procedure 65(b)(1)(A), a Court may only issue a temporary restraining order if specific facts in an affidavit or verified complaint show that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The Prison Litigation Reform Act

("PLRA") applies to suits filed by incarcerated individuals and limits the equitable relief a court may order, including in relief issued in response to a temporary restraining order. *See* 42 U.S.C. § 1997e; 18 U.S.C. § 3626. If a Court issues injunctive relief with respect to prison conditions, such relief must be "narrowly drawn," extend no further than necessary to correct the violation of a federal right, and must be the least intrusive means necessary to correct the violation. *Brown v. Plata*, 563 U.S. 493, 530 (2011). When evaluating these factors, the Court must give substantial weight to adverse impacts on public safety or the operation of a criminal justice system. *Id*. (internal citations omitted).

Injunctive relief is only appropriate if it addresses a matter presented in the underlying suit and if it seeks relief of the same character as that sought in the predicate litigation. *See Daniels v. Dumsdorff*, No. 19-cv-394-NJR, 2019 WL 3322344, at *1 (S.D. Ill. Jul. 24, 2019). Furthermore, courts are most reluctant to interfere with the internal administration of state prisons. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Nevertheless, a Court will intervene to "remedy unjustified violations of those rights retained by prisoners." *Williams v. Lane*, 851 F.2d 867, 871 (7th Cir. 1988). This is especially pertinent where the movant's safety is at issue. *See Tay v. Dennison*, 457 F. Supp.3d 657, 679 (S.D. Ill. 2020).

In his motion for relief, Plaintiff requests the Court order that Ms. Leonta Jackson, the warden at Pontiac; the IDOC; and their officers, agents, employees and all persons acting in participation with them be prevented from assigning Plaintiff a cellmate. (Doc. 33, p. 1-2). Plaintiff asserts that Latino gangs at Pontiac have threatened to assault him unless he joins the gangs. *Id*. at p. 1, p. 4. He further states that he has received a "kyte,"

or a form of intra-prison communication, from Latino gangs threatening to assault him since he has been transferred from segregation to housing in the general population. *Id*.

In response, Defendants note that Plaintiff's underlying complaint describes a violation which occurred at Menard, not Pontiac. (Doc. 37, p. 2). As employees of Menard, Defendants have no control over Plaintiff's cell assignments at Pontiac. *Id*. However, out of an abundance of caution, Defendants also contacted officials at Pontiac to inquire into Plaintiff's current safety and cell assignments. *Id*. at p. 3. Pontiac officials relayed that Plaintiff was moved to segregation housing on April 1, 2021, for at least forty-two days. *Id*. He remains in segregation housing until at least May 13, 2021. *Id*. Furthermore, Plaintiff may request to be placed in protective custody if he feels he is in continued danger. *Id*. at p. 4. On April 22, 2021, Plaintiff's counselor prepared correspondence to advise Plaintiff of the appropriate means of requesting protective custody placement if he would like to do so. *Id*. at p. 4. Accordingly, Plaintiff has a means of securing his safety through the appropriate intra-prison channels.

Because Plaintiff's request for relief does not address a matter in his underlying suit, the Court finds that injunctive relief is inappropriate at this time. Further, as the Court notes that Plaintiff is no longer currently in danger and has a means of securing his safety through prison processes if he feels his safety is not secured, the Court finds that interference in prison administration through injunctive relief is not warranted at this time. Accordingly, Plaintiff's motion for a temporary injunction is **DENIED.**

**IT IS SO ORDERED.**

**Dated: May 13, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.05.13 11:14:53 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**