IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUIS SERRANO,<br><br>        Plaintiff,<br><br>v.<br><br>JENNIFER A. WHITLEY,[1]<br><br>        Defendant. | Case No. 3:19-CV-902-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Luis Serrano brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Serrano, an inmate in the Illinois Department of Corrections, alleges that correctional officers failed to protect him from an attack by other inmates while he was housed at Menard Correctional Center. Defendant Jennifer Whitley filed a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies, and Serrano responded in opposition. (Docs. 50, 53).

## BACKGROUND

In his Complaint, filed on August 19, 2019, Serrano alleges that he was attacked by four other inmates belonging to various gangs while he was in the yard on November 2, 2017. (Doc. 1 at p. 5). A female correctional officer, later identified as Jennifer Whitley, saw the fight and yelled for the attackers to stop for about two minutes before calling in additional officers. (*Id.*). A number of additional officers arrived but did not physically intervene, fire any

---

[1] Warden Alex Jones also was named as a defendant in his official capacity, solely for the purpose of identifying the Jane Doe defendant. On September 1, 2020, Anthony Wills, who had replaced Alex Jones as warden, filed a Notice of Compliance indicating the Jane Doe defendant had been identified. (Doc. 20). Accordingly, Alex Jones is **DISMISSED** from this action.

warning shots, or use pepper spray to stop the attack. (*Id.*). Serrano was taken to an outside hospital for treatment for his injuries. (*Id.* at pp. 5-6).

After the Court performed a preliminary review of Serrano's complaint, he was allowed to proceed on one Eighth Amendment claim against Whitley for failure to intervene and protect him from the attack by the other inmates. (Doc. 10). Whitley now argues that Serrano failed to exhaust his administrative remedies before filing this lawsuit. Whitley states that Serrano filed a grievance on January 24, 2018, but that it was returned to him because it was not filed within 60 days of the incident as required by Department Rule 504. (Doc. 51 at ¶ 5). Serrano appealed that decision to the Administrative Review Board ("ARB") on March 26, 2018, and the ARB also stated the grievance was not submitted within the timeframe outlined by Department Rule 504. (*Id.* at ¶¶ 6-8). Whitley argues that Serrano never properly appealed the denial of his grievance since it was deemed untimely. Thus, he did not exhaust his administrative remedies.

In response, Serrano states that he was injured so badly from the incident described in his Complaint that he was taken to an outside hospital. (Doc. 53 at p. 1). When he returned to Menard, he was placed in the infirmary for several weeks for continued care and observation. (*Id.* at p. 2). During this time, he requested a grievance and a pen or pencil, but staff claimed they had none. (*Id.*). Days later, he was able to obtain a paper and pen from another inmate. He then filled out the grievance and handed it to the officer on duty that night. (*Id.*). When he received no response within the timeframe that the institution has to respond, Serrano states that he filed another grievance on January 24, 2018. (*Id.* at pp. 2-3).

Whitley disputes that Serrano ever submitted the first grievance while he was in the infirmary. While Whitley acknowledges that Serrano's January 24, 2018 grievance references

a grievance filed on November 9, 2017, to which he received no response, she argues that this is the only evidence of its existence. She also argues that he should have followed up on the status of this alleged grievance while he was waiting for a response.

## DISCUSSION

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. However, "if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting," then the grievance procedure becomes unavailable. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (finding that an inmate who placed a timely ARB appeal in his chuckhole for mailing, but whose grievance was apparently lost, did all that he could to follow exhaustion procedures).

In this case, there is a genuine dispute of material fact as to whether Serrano exhausted

his administrative remedies. Whitley points to Serrano's grievance log to argue that no grievance was submitted in the timeframe required by Department Rule 504, while Serrano asserts that he submitted a grievance on November 9, 2017—just days after the incident at issue—but that he never received a response. Serrano's January 24, 2018 grievance supports his claim. If Serrano did file a grievance on November 9, 2017, and never received a response, the grievance procedure would be deemed unavailable.

Because there is a genuine issue as to whether Serrano submitted a grievance within the proper timeframe, but IDOC officials never responded, summary judgment for Whitley is inappropriate. Resolving this issue will require a *Pavey* hearing. If Whitley so desires, she may request a *Pavey* hearing within **14 days** of this Order. If no request is made, the Court will deny the motion and enter a scheduling order for discovery on the merits of this case. Alternatively, the parties may request that this case be referred for a settlement conference.

## Conclusion

For these reasons, the Court **RESERVES RULING** on the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant Jennifer Whitley. (Doc. 50). Whitley must file a notice within **14 days** of this Order either withdrawing the affirmative defense of exhaustion or requesting a *Pavey* hearing. If a hearing is requested, Whitley shall identify the witnesses she intends to call to testify. The Clerk of Court is **DIRECTED** to update the docket sheet, consistent with footnote 1.

**IT IS SO ORDERED.**

DATED:   November 10, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**